IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWEHN McELROY, | |
| Plaintiff, | CV F 08 0179 OWW WMW PC |
| vs. | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT |
| | (THIRTY DAY DEADLINE) |
| CDCR DIRECTOR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at California State Prison Sacramento, brings this civil rights action against defendant correctional officials employed by the CDCR at Kern Valley State Prison.

Plaintiff's claims in this complaint relate to the conditions of his confinement. Specifically, Plaintiff alleges that he was subjected to inadequate medical care while he was housed at Kern Valley. Plaintiff names the California Department of Corrections and Rehabilitation, along with individual defendants.

1

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend  to suits brought against a state both by its own citizens, as well as by citizens of other states."  Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  See Natural Resources Defense Council v. California Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989). The CDCR is therefore immune from suit.

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'"  Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."  Id. at 1132.

The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo

1  v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to
2  the deprivation of a constitutional right, within the meaning of section 1983, if he does an
3  affirmative act, participates in another's affirmative acts or omits to perform an act which he is
4  legally required to do that causes the deprivation of which the complaint is made." Johnson v.
5  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6       The court finds the allegations in plaintiff's complaint vague and conclusory.
7  Specifically, Plaintiff charges conduct to defendants in general, but fails to charge each
8  individual defendant with specific conduct indicating that they knew of and disregarded a serious
9  risk to Plaintiff's health or safety, resulting in injury to Plaintiff.  The court has determined that
10 the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).
11 Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice
12 and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency,
13 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity
14 overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has
15 failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be
16 dismissed.  The court will, however, grant leave to file an amended complaint.

17      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
18 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
19 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
20 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
21 there is some affirmative link or connection between a defendant's actions and the claimed
22 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
23 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

24      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
25 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
26

complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   July 7, 2008**              /s/  **William M. Wunderlich**
                                       UNITED STATES MAGISTRATE JUDGE