IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LATWAHN McELROY,

        Plaintiff,        1: 08 CV 0179 OWW WMW PC

  vs.                     FINDINGS AND RECOMMENDATION
                        RE MOTION FOR PRELIMINARY INJUNCTION
                        (DOC 10)

CDCR DIRECTOR, et al.,

        Defendants.

      Plaintiff, a state prisoner proceeding pro se and in forma pauperis in a civil rights action, has filed a motion for a preliminary injunction.

      This action challenges the medical care Plaintiff received while he was housed at Kern Valley State Prison. Plaintiff claims that he was subjected to inadequate medical care in violation of the Eighth Amendment.

      In his request for injunctive relief, Plaintiff seeks an order directing "the defendants to comply with previous injunctive orders and physicians orders for improvement in nutrition to gain weight including updates on palliative prescription and/or to admit him to off-site treatment or outpatient hospital unit equivalency, capable of good faith treatment including perennial observation in favor of full recovery and possible Sacramento CSO or OHU transfer."

      Plaintiff goes on to list specific medical relief that he seeks. Plaintiff supports his request

1

with a statement of claim that includes allegations of inadequate medical care in general.

On July 7, 2008, an order was entered, dismissing the complaint for failure to state a claim, and granting Plaintiff leave to file an amended complaint.  Specifically, the Court noted that Plaintiff had failed to allege any facts linking any of the defendants to actionable conduct.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471,(1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).  By order issued July 7, 2008, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted.

Thus, at this point in time, there is no case or controversy before the court, and the court has no jurisdiction to issue any preliminary injunctions.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty days after being served with these findings and recommendations, Plaintff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 16, 2008**                              /s/  William M. Wunderlich
                                                                         UNITED STATES MAGISTRATE JUDGE